UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE WOOD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-06174 |
| v. | ) | |
| | ) | |
| THE BUREAUS, INC., | ) | |
| | ) | |
| | ) | <u>Jury Demanded</u> |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Clarence Wood, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July, 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm

caused by an inaccurate credit rating); *see also, Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.").

## PARTIES

5. Plaintiff, Clarence Wood ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

6. Defendant, The Bureaus, Inc. ("The Bureaus"), is an Illinois corporation. It does or transacts business in Illinois. Its registered agent and office are Aristotle Sangalang at 650 Dundee Road, Suite 370, Northbrook, Illinois 60092 (Exhibit A, Record from Illinois Secretary of State).

7. The Bureaus is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. The Bureaus is thus a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

9. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Capital One consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

11. The Bureaus subsequently purchased the alleged debt and began collecting it under one of several entities named The Bureaus No 1 LLC – The Bureaus No 15 LLC.

12. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on June 12, 2017, sent a letter to Defendant indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

13. Defendant received Plaintiff's dispute on May 18, 2017.

14. Plaintiff's letter stated, in part, that the amount reported is not accurate.

15. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

16. After making his dispute, Plaintiff purchased his Experian credit report.

17. In July 2017, Defendant communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Experian).

18. Defendant failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

19. The Bureaus had been notified at least 3 weeks prior of Plaintiff's dispute.

20. 3 weeks is sufficient time for a debt collector to update their records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

22. Defendant failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Equifax.

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. The Bureaus materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

25. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

26. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

27. The Bureaus disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

28. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

29. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

30. Plaintiff experienced negative emotions about Defendant's false communication to Experian, including annoyance, aggravation, and other garden variety emotional distress.

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

33. The Bureaus failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages from Defendant JH Portfolio pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35. The Bureaus disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A.    Compensatory and punitive damages;

      B.    Costs; and

      C.    Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 512
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com