UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE WOOD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-06174 |
| v. | ) | |
| | ) | |
| THE BUREAUS, INC., | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | Magistrate Judge Young B. Kim |
| DEFENDANT. | ) | |

**PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER**

Plaintiff, Clarence Wood, by and through his attorneys, moves this Court to deny Defendant, The Bureaus, Inc.'s, Motion for Protective Order and maintain the Defendant's obligation to respond to Plaintiff's Interrogatories, Requests to Admit, and Request for Production of documents, and hereby states:

**BACKGROUND**

Plaintiff commenced this action on August 24, 2017. (Dkt. # 1). Defendant filed its answer and affirmative defenses on October 11, 2017. (Dkt. # 13). On October 17, 2017, The Honorable Young B. Kim ordered the parties to follow a written discovery schedule. (Dkt. # 16). The schedule provided, among other things, that each party "serve written discovery requests by November 20, 2017," to "confer about the adequacy of the discovery responses by January 5, 2018," and to file a "joint status report identifying each side's written discovery issues…by January 16, 2018." Further, the close date for discovery was set for February 28, 2018. (Dkt. # 14).

Plaintiff served interrogatories, requests to admit, and requests for production of documents to Defendant on December 4, 2017. Defendant filed the present motion on December 20, 2017.

1

**ARGUMENT**

This court has broad discretion over pretrial discovery rulings. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigeration & Air Conditioning Engineers, Inc*. 755 F.3d 832, 837 (7th Cir. 2014). Pursuant to Rule 26(c)(1), a court for good cause may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *United States ex rel. Ceas v. Chrysler Grp. LLC*, 191 F. Supp. 3d 885, 887 (N.D. Ill. 2016) (denying motion for protective order when movant did not meet Rule 26(c) burden). However, before restricting discovery, "the court should consider the 'totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citations omitted).

Here, Defendant makes no good cause showing of annoyance, embarrassment, oppression, or undue burden or expense to demonstrate that barring Plaintiff's discovery requests comports with Rule 26(c). Instead, Defendant has refused to attempt to resolve the issue with Plaintiff and delays discovery. Defendant is not prejudiced or unduly burdened over a two-week delay for discovery requests. The discovery close date is February 28, 2018, leaving plenty of time for Defendant to confer with Plaintiff for an extension to respond to discovery requests.

Further, had the Defendant not filed the present motion, Defendant could have received an extension to respond and the parties could have still complied with the meet and confer scheduled on January 5, 2018 and the filing of the joint status report scheduled on January 16, 2018. Even considering the delay from the present motion, Defendant will be able to respond to Plaintiff's discovery requests well before the close date for discovery.

Additionally, federal courts have a "strong preference for trials on the merits," instead of determining an outcome based on technical or procedural grounds. *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (*citing C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). The 7th Circuit views default judgments and dismissals as harsh sanctions "employed only in extreme situations." *C.K.S.*, 726 F.2d at 1205.

Although Defendant has not moved for this court to enter a default judgment or dismiss the case, granting this motion will effectively end merit based litigation. Withholding discovery will severely prejudice the Plaintiff. The delay in providing Plaintiff's discovery requests to Defendant is a procedural issue. Not allowing Plaintiff to ascertain his own evidence is determining the outcome of this case based on technical and procedural grounds. This Court should follow precedent, which seeks the conclusion of a trial based on the merits and not technical or procedural grounds. *See Sun*, 473 F.3d at 811; *C.K.S.*, 726 F.2d at 1205.

Together, the length of Plaintiff's delay and the amount of time remaining before the close of discovery do not demonstrate an undue burden for Defendant that warrants a protective order. Preventing Plaintiff from requesting any discovery from Defendant is an extreme penalty for a two-week delay. Instead, this Court should value the truth-seeking function of a case and allow for the suit to proceed accordingly.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's Motion for Protective order, and maintain the Defendant's obligation to respond to Plaintiff's Interrogatories, Requests to Admit, and Request for Production of documents.

3

                              By: s/Celetha Chatman
                                One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com